NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROGER STEWART, : <br> : <br> Plaintiff, : <br> : <br> v. : <br> : <br> JERSEY CITY MUNICIPAL UTILITIES : <br> AUTHORITY, : <br> : <br> Defendant. : | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 04-CV-3249 (DMC) |

<u>DENNIS M. CAVANAUGH, U.S.D.J.</u>:

  This matter comes before the Court upon application by pro se Plaintiff Roger Stewart ("Plaintiff"), for the appointment of pro bono counsel pursuant to 28 U.S.C. §1915(e)(1). For the reasons set forth below, the application is **denied without prejudice**.

### DISCUSSION

  In <u>Tabron v. Grace</u>, 6 F.3d 147 (3d Cir.1993), the Third Circuit Court of Appeals provided district courts with specific guidelines in appointing pro bono counsel for an indigent applicant. 6 F.3d at 155, 158. The Third Circuit emphasized a threshold matter of merit must be met before a court examined those factors. <u>Id</u>. In other words, this Court must be satisfied that there is some merit to Plaintiff's claim in fact and in law before engaging in further evaluation. <u>See id</u>. Once a determination of merit has been made, then a variety of factors must be examined to decide whether or not pro bono counsel is necessary. Those factors include a plaintiff's ability to present his case; a plaintiff's education, literacy, prior work experience, and prior litigation

experience; the complexity of the underlying case; whether the case requires a factual investigation and a plaintiff's ability to carry out that factual investigation; and whether credibility determinations are involved that may require the experience of one trained in the presentation of evidence and cross-examination. Id. at 156.

In this case, Plaintiff submitted an application for pro bono counsel but has not established the requisite factors listed above.  After carefully reviewing the instant application, the Court denies Plaintiff's request because he fails to discuss with specificity the merits of his case and the likelihood of success of his claims.  Plaintiff asserts only a general claim in his application and does not provide specific facts or allegations.  He fails to adequately address the threshold requirement for pro bono counsel, namely that his case "has arguable merit in fact and law." Tabron, 6 F.3d at 155.  This Court is unable to grant pro bono counsel to Plaintiff until he can prove the merits of his case. Id. at 155, 158.  If Plaintiff is able to satisfy this burden, then the Court will render a determination on his application.

## CONCLUSION

Based on the foregoing, the application by Plaintiff, Roger Stewart, for appointment of pro bono counsel is **denied without prejudice**.  Plaintiff is welcome to reapply for pro bono counsel if and when he is able to demonstrate the merits of his case pursuant to the Tabron decision.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:        May 9, 2005
Original:    Clerk's Office