NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ROGER STEWART, : | |
| : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, : | |
| : | **OPINION** |
| v. : | |
| : | Civil Action No. 04-CV-3249 (DMC) |
| JERSEY CITY MUNICIPAL UTILITIES : | |
| AUTHORITY, : | |
| : | |
| Defendant. : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

      This matter comes before the Court upon motion by Defendant Jersey City Municipal Utilities Authority ("JCMUA") to dismiss the Complaint filed against it by Plaintiff Roger Stewart ("Plaintiff") pursuant to Federal Rule of Civil Procedure 12(b)(6). No oral argument was heard pursuant to Federal Rule of Civil Procedure 78. After carefully considering the submissions of all parties, and for the reasons set forth below, the motion is **granted**.

### I. BACKGROUND

      Plaintiff was an employee of the JCMUA. As a result of an incident with a co-worker on March 4, 2003, Plaintiff's employment was terminated on March 19, 2003. Subsequently, on May 6, 2004, the Plaintiff filed a Charge of Discrimination with the New Jersey Division of Civil Rights. On May 27, 2004, the United States Equal Employment Opportunity Commission ("EEOC") issued a Dismissal and Notice of Rights to Plaintiff, stating that Plaintiff's claim of discrimination was dismissed because it was not timely filed.

      On July 9, 2004, Plaintiff filed the instant Complaint. The Complaint alleges that the

JCMUA discriminated against Plaintiff by terminating him on the basis of his race, color, and sex, in violation of Title VII of the Civil Rights Act of 1964.  The JCMUA has moved to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6), arguing that Plaintiff has failed to state a claim for which relief can be granted as the applicable statute of limitations for filing his claim has run.

## II. DISCUSSION

### A. Standard for Dismissal

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim for which relief can be granted, all allegations in the complaint must be taken as true and must be viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir.1998).  A court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. See Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir.1993).  If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

### B. Timeliness of Plaintiff's Claim

Plaintiff seeks relief under Title VII of the Civil Rights Act of 1964.  Under Title VII, before a plaintiff may institute suit in federal court, he must exhaust administrative remedies. Robinson v. Dalton, 107 F.3d 1018, 102004-3249 (3d Cir.1997).  To do so in the instant case, Plaintiff must have filed a claim of discrimination or unlawful employment practice with the EEOC or New Jersey Division of Civil Rights within the applicable time frame. 42 U.S.C. § 2000e-5(e)(1).  Here the time frame for such a filing is 300 days from the date of the alleged

unlawful discrimination, or March 19, 2003, the date of Plaintiff's termination. Id.

Plaintiff failed to file a claim with the EEOC or New Jersey Division of Civil Rights within 300 days. His claim was not filed until May 6, 2004, or 414 days after the date of his termination. Though Plaintiff argues that the Court should count only business days in calculating the limitations period, this contention is simply untrue and contrary to settled practice. See Baker v. Office Depot, Inc., 115 Fed.Appx. 574, 576 (3d Cir.2004). As Plaintiff's claim was filed after the limitations period had run, his claim is time barred and he has failed to exhaust administrative remedies. The Complaint must be dismissed for failure to state a claim for which relief can be granted.

A statute of limitations defense is grounds for a 12(b)(6) dismissal on the merits, as this defect can never be cured: "Obviously, the effect of a dismissal without prejudice where the statute of limitations has run is the same as dismissal with prejudice: it bars a subsequent action." Green v. Humphrey Elev. & Truck Co., 816 F.2d 877, 879 n. 4 (3d Cir.1987) (internal citations omitted). Accordingly, Plaintiff's Complaint shall be dismissed with prejudice.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's Complaint is **dismissed with prejudice**. An appropriate Order accompanies this Opinion.

S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:      June 30, 2005
Original:  Clerk's Office
Cc:        All Counsel of Record
           The Honorable Mark Falk, U.S.M.J.
           File